## Willis Estate

*Marsh, Spaeder, Baur & Marsh,* for accountant.
*Edwin C. Emhardt,* for Commonwealth.

WAITE, P. J., March 22, 1949.—Decedent, generally known as A. Hunter Willis, died November 20, 1939, leaving a will dated October 9, 1939. A first and partial account was filed on October 12, 1940, showing the estate to be insolvent. On December 28, 1940, this account was confirmed and an order of distribution made as prayed for, including a distributive share to the receiver of the Erie Trust Company.

On January 7, 1949, a supplemental and final account was filed showing a balance due for distribution amounting to $1,229.06. On the same date an audit statement was filed listing unpaid claims amounting to $24,574.50. Following the list of creditors this audit statement also contains the following paragraph, to wit:

"In the previous Schedule of distribution on December 28, 1940 in this Estate 'Receiver of Erie Trust Co.' was listed with a claim, the balance of which would now be $12,141.60. Investigation through James Saint, the last Deputy Receiver of Erie Trust Company, reveals that the claim was not sold when all the other assets of the bank were disposed of but that the claim was charged off on the bank's books and the Receiver's Account approved by the Court of Common Pleas. The Receivership is closed and it appears that this claim has been abandoned. This should be determined by the Court, if necessary."

Section 701 of the Department of Banking Code of May 15, 1933, P. L. 565, provides, inter alia:

"He (the receiver) shall be vested, . . . with all the rights, powers and duties of such institution; with the *title* or the right to possession, . . . including debts due and liens and other security therefor; . . . "The secretary shall be the representative of the creditors of the institution. . . ."

In the case of General Baking Company v. Gordon, Secretary of Banking et al., 9 F. Supp. 210, Judge Kirkpatrick says:

"The secretary of banking is an administrative officer. His office exists by statute. He is appointed by the Governor and not by the court. He is not an equity receiver."

Inasmuch as the Secretary of Banking is appointed by the Governor of Pennsylvania, the order of the Court of Common Pleas of Erie County made in Secretary of Banking v. The Erie Trust Company on February 15, 1945, at November term, 1933, no. 102, discharging the Secretary of Banking of the Commonwealth of Pennsylvania as receiver of the Erie Trust Company, is ineffective as to his further acting as receiver of the Erie Trust Company, and the distributive share which the receiver of the trust company is entitled to in the balance for distribution as shown by the supplemental and final account now before the court for audit and distribution should, therefore, be paid in trust to the Secretary of Banking of the Commonwealth of Pennsylvania. This distribution should be held for the sole benefit of the creditors of the Erie Trust Company.

All the other creditors listed in the audit statement are to be paid their proportionate share in the distribution, with the exception of the small balance ($2.44) shown to be due the "General Sales and Service", which creditor, after due and diligent effort, the estate has

been unable to locate (see affidavits of service filed) and that claim is, therefore, directed to be disregarded since the claim, being so small, would not cover the expense of paying it into court, and the amount shown to be due on this claim ($2.44) is directed to be distributed pro rata among the other creditors.

An order of distribution is directed to be made in accordance herewith.